**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 98-31065
Summary Calendar
_____

IN RE MARSHALL E. SEHORN,

Debtor,

JOSEPH MODELISTE,

Appellant,

VERSUS

MARSHALL E. SEHORN; WHITE DOG RECORDS; RED DOG EXPRESS, INC.,

Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(98-CV-1840-S)
_____

April 30, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

The bankruptcy court entered a final order disallowing the claim of Appellant Joseph Modeliste. This order was entered on March 24, 1998. Modeliste did not file his notice of appeal until April 17, 1998, twenty-four days after entry of the challenged order and fourteen days after the deadline for filing such an appeal.

On April 14, 1998, three days prior to filing his notice of

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal and eleven days after the filing deadline, Modeliste filed a motion for extension of time to file the notice of appeal. Modeliste asserted that he needed additional time because his attorney was attending a convention. He also asserted that he had been unable to file a motion for extension of time earlier because his attorney was involved in other litigation. The bankruptcy court denied the motion for extension of time on April 21, 1998, stating that Modeliste had "failed to make the required showing of excusable neglect to extend the time for filing a notice of appeal."

Appellees filed a motion to dismiss the appeal in the district court because it was not filed timely. The district court concluded that the bankruptcy court's denial of the motion for extension of time based on excusable neglect was not error. The district court therefore granted Appellees' motion and dismissed Modeliste's appeal.

Our review of the record in this case confirms that Appellant did not file his appeal from the bankruptcy court's final order within ten days as required by Federal Rule of Bankruptcy Procedure 8002(a). We also agree with the district court that the bankruptcy court did not abuse its discretion in denying Appellant's motion for extension of time.

The judgment of the district court is therefore

AFFIRMED.

2